UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LEE WALTON and THE LUKE 14:28-29 GROUP, LLC,

against

PASTOR JAMES CYMBALA and THE BROOKLYN TABERNACLE

Defendants.

No. 08 Civ. 8375 (RJS)
ORDER TO TRANSFER



RICHARD J. SULLIVAN, District Judge:

By order dated September 3, 2008, the Honorable Juan R. Sanchez, United States District Court for the Eastern District of Pennsylvania, directed that the above-captioned case be transferred before this Court, under 28 U.S.C. § 1631(a), finding that Defendants' contacts with Pennsylvania were insufficient to establish personal jurisdiction.

In diversity actions, venue is proper only in three situations: "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Venue is not proper in the Southern District of New York under any of these categories. Neither party resides in this district. Plaintiffs are both residents of Philadelphia, Pennsylvania, and Defendants both reside in Brooklyn, New York. *See* Compl. ¶¶ 2-4. There is no dispute that the events that gave rise to Plaintiffs' alleged cause of action occurred in Brooklyn, New York. *See* Defs.' Mot. at 1; Pls.' Answer. Further, Defendants' motion to transfer granted by the Eastern District of Pennsylvania specifically requested transfer to the United States District

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK
BY _____
DEPUTY CLERK

Court for the Eastern District of New York. *Id.* Plaintiffs, in their answer, did not suggest a more proper venue. *See* Pls.' Answer.

28 U.S.C. § 1406(a) provides in relevant part that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that venue in the Southern District of New York is improper. The most proper district is the Eastern District of New York, where both defendants reside, and where the events that gave rise to the cause of action occurred.

It is HEREBY ORDERED that the above-captioned case be TRANSFERRED under 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of New York. The Clerk is directed to transfer any files to the Eastern District of New York and to mark the case CLOSED.

SO ORDERED.

Dated:    New York, New York
          October 3, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE